IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIS HARRELL, #M28200**       ) | |
| ) | |
| **Plaintiff,**       ) | |
| ) | |
| vs.       ) | Case No. 14-cv-752-MJR |
| ) | |
| **UNKNOWN PARTY,**       ) | |
| ) | |
| **Defendant.**       ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Willis Harrell, currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* action seeking a writ of mandamus pursuant to 735 Illinois Compiled Statutes 5/14-101 *et seq*. (Doc. 1, p. 1).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.   After fully considering the allegations in Plaintiff's complaint, and accepting them as true, the Court concludes that this action is subject to summary dismissal for failure to state a claim upon which relief may be granted.

## The Complaint

Plaintiff is currently serving a four-year sentence for failing to register as a sex offender. Doc. 1, p. 1. Plaintiff states that according to "IMPP 11-115,"[1] prisoners classified as sex offenders must be placed in a sex offender treatment program. *Id*. at 2. Plaintiff has repeatedly requested that he be allowed to participate in a sex offender treatment program, but according to his complaint, his requests have gone unanswered. *Id*. Recently, Plaintiff was transferred from Pontiac Correctional Center to Menard; Plaintiff insists that Menard does not have a sex offender treatment program. *Id*. at 4. Plaintiff seeks an order of mandamus compelling Defendant, transfer coordinator for the Illinois Department of Corrections, to transfer Plaintiff to a prison that has a sex offender treatment program. *Id*. at 6.

## Discussion

A federal mandamus action cannot provide Plaintiff the relief he seeks. According to 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, federal courts have no authority to grant mandamus relief against *state officials*, which is what Plaintiff has requested here. *See Robinson v. Illinois*, 752 F. Supp. 248, 248-49 (N.D. Ill. 1990) (citing 28 U.S.C. § 1361) ("Federal courts have no general power to compel action by state officers[.]"). Thus, this Court cannot order Defendant, an employee of the state of Illinois, to transfer Plaintiff to a facility that

---

[1] Plaintiff repeatedly cites to "IMPP 11-115" and refers to it as the law, but he provides the Court with no further information or explanation. After searching extensively, the Court has concluded that Plaintiff is referring to Kansas Department of Corrections Internal Management Policy and Procedure 11-115. *Available at*: https://www.doc.ks.gov/kdoc-policies/AdultIMPP/chapter-11/11115.pdf. That policy does in fact relate to the identification and treatment of sex offenders under the jurisdiction of the *Kansas Department of Corrections*. However, Plaintiff, who is housed in an *Illinois Department of Corrections* facility, never explains why this policy is applicable in the present case.

has a sex offender treatment program. Whether or not Plaintiff may be entitled to relief if he were to file his action in a state court is beyond the scope of this Order.

Had Plaintiff filed this claim as a civil rights action under 28 U.S.C. § 1983, he would have fared no better. In order to proceed on § 1983 claim, a plaintiff must allege that his rights have been violated pursuant to federal or constitutional law. Based on the facts presented here, Plaintiff has not alleged a deprivation cognizable under § 1983. Generally, inmates do not have a right to be housed in a particular facility, *see Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995), nor is there a "constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that rise to a violation of the Eighth Amendment." *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982). Moreover, Plaintiff's contention that Defendant has failed to respond to grievances filed regarding the matter also fails to state a claim under § 1983. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992).

Further, even if Defendants' actions violated the applicable rules for processing grievances set out in the Illinois Administrative Code or prison policies, Plaintiff has no remedy in federal court. "The federal government is not the enforcer of state law." *Pasiewicz v. Lake Cnty. Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001). This federal mandamus action shall therefore be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that the complaint (Doc. 1) is **DISMISSED with prejudice.** This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 21, 2014**

s/ MICHAEL J. REAGAN
United States District Judge